**Mamie W. FOSTER, Plaintiff,**

v.

**Abraham RIBICOFF, Secretary of Health, Education and Welfare of the United States of America, Defendant.**

**Civ. A. No. 3055.**

United States District Court
W. D. South Carolina,
Spartanburg Division.

June 22, 1962.

Moore & Stoddard, Spartanburg, S. C., for plaintiff.

John C. Williams, U. S. Atty., Charles Porter, Asst. U. S. Atty., Greenville, S. C., for defendant.

WYCHE, Chief Judge.

This case is before me upon the complaint of the plaintiff seeking a review of the final decision of the Secretary of Health, Education and Welfare, in accordance with 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), holding that plaintiff was not entitled to a period of disability and disability insurance benefits.

The plaintiff filed applications to establish a period of disability and for disability insurance benefits on April 30, 1960, alleging that she became unable to work on December 1, 1959. A hearing was held before a Hearing Examiner of the Social Security Administration, who rendered his decision on June 22, 1961, finding that the claimant was entitled to a period of disability and to disability insurance benefits. However, the Hearing Examiner did not make a finding as to the specific date when the claimant became disabled. The Appeals Council on its own motion reviewed the Hearing Examiner's decision and in a decision dated October 30, 1961, reversed the decision of the Hearing Examiner finding "that the claimant's impairments could not be expected to prevent her continuously from engaging in any substantial gainful activities from December 1, 1959, as alleged, or from any time thereafter through the 3-month period following the date she filed her application on April 13, 1960."

Plaintiff was born August 4, 1901. She completed four years of formal schooling; she has worked continuously as a spinner in a cotton mill for forty-five years, at the same mill for thirty-five years, except for short absences when her two children were born, and a two-month period when she was absent on account of her deteriorating physical condition; when she tried to go back to work she was told that she was not physically able to be reemployed. Plaintiff is a very industrious person evidenced by the fact that from the time of her marriage, very early in life, until recent years, in addition to working in the mill, she performed, without outside assistance, her duties as a housewife and mother, while caring for her aged mother. The employment of the plaintiff has been confined exclusively to the textile industry as a spinner which required considerable physical exertion, working near moving machinery, dexterity in handling materials, and in feeding or operating machines to spin, wind, finish, weave or knit textile fibers. She has not had any training for any other type of employment and her physician testified that in his opinion, considering plaintiff's age

and physical condition, it would be impossible, if not fatal, to try to rehabilitate or train plaintiff for other employment.

During the month of February, 1960, a qualified ophthalmologist, examined plaintiff's left eye which was as he stated "a red, very painful eye" which she had been suffering with for about two weeks; she was admitted to the hospital and an iridectomy to the left eye was performed; the doctor stated as his opinion that "she has an absolute glaucoma on the left eye with complete blindness in which there is no further treatment as far as sight is concerned; and that "that eye is gone"; that vision in her right eye is 20/30 with correction; that this disability is "total and permanent". Plaintiff's personal physician testified that plaintiff first came to see him in December, 1959, that his diagnosis at that time was arteriosclerosis with hypertension and osteoarthritis; that she has been under his care since that time; that medicine does not lower her blood pressure, that 170 is the lowest he has ever found it to be; she suffers with dizziness, headaches, swelling of the joints from the neck down to the knees, and shortness of breath upon the slightest exertion; and that in his opinion her ailments are permanent and total.

Plaintiff's household activities are restricted to a little cleaning and dishwashing and straightening of beds, which she has to interrupt in order to take periods of rest. She is a widow and lives with her married daughter.

■ Each and every claimant under the Social Security Act is entitled to have his or her case considered in the light of the individual, particular facts and circumstances surrounding such a claim. The very wording of Section 223 of the Social Security Act, 42 U.S.C.A. § 423, makes the point most strongly that each case and each person must be considered individually. That section sets forth that "every individual" who meets the requirements and is under a disability shall be entitled to a disability insurance benefit. The act is concerned not with a standard man of ordinary and customary abilities, but with the particular person who may claim its benefits and the effect of the impairment upon that person, with whatever abilities or inabilities he has. Thus, if a medically determinable physical impairment exists, the court should consider whether such impairment prevents the particular plaintiff from engaging in any substantial gainful activity for which he is qualified, and to that end may consider his education, training, and experience, as well as the nature and extent of the impairment itself.

■ Nowhere does there appear in the act any reference to a requirement of "total disability". The official interpretation of this phrase as presented to Congress by representatives of the Department of Health, Education and Welfare, does not support the position taken by the defendant in this case. The Social Security Administration, in an effort to answer some of Senator Byrd's questions, submitted a statement setting forth their stand on the disability freeze provisions. See Page 43 of the hearings. Therein the Department acknowledged that the concept of "substantial gainful activity" is a growing one which must be treated in each instance on the facts. The Department states on Page 43 of the hearings: "Substantial gainful activity means the performance of substantial services with reasonable regularity in some competitive employment or self-employment. It relates to the range of activities the individual can perform * * * complete helplessness is not necessary to a finding of an allowable disability. Sporadic or infrequent activity would not necessarily establish ability to engage in substantial gainful activity."

The phrases "inability to perform any substantial gainful activity" and "total disability" are not synonymous.

■■ In the determination of this case, the controlling questions are: (1) what can plaintiff do; and (2) what employment opportunities are there for a woman who can do only what plaintiff

can do? Abstract speculation by the Appeals Council as to a possibility of employment is not evidence which a claimant should have to refute; if it were, disability could never exist.

■ To summarize, the courts have generally agreed that the test of a claimant's disability or inability to engage in any substantial gainful activity is a subjective one, that is, what is reasonably possible in the light of the plaintiff's physical and mental capacities and his education, training, and experience. It is not necessary that the plaintiff establish the complete absence of any opportunity for substantial gainful employment; he need only establish that he has become disabled from employment in any work or vocation in which he could profitably seek employment in the light of his physical and mental capacities and his education, training, and experience. Furthermore, it is clear that a plaintiff need not be totally helpless or bedridden in order to be considered disabled under the Social Security Act. Dunn v. Folsom, D.C.Ark., 166 F.Supp. 44, 48; Adams v. Flemming, D.C.Vt., 173 F.Supp. 873; Aaron v. Fleming, D.C.Ala., 168 F.Supp. 291; Hall v. Flemming, 6 Cir., 1961, 289 F.2d 290; Kerner v. Flemming, 2 Cir., 283 F.2d 916; Hier v. Ribicoff, D.C.Ill. 1961, 194 F.Supp. 22; Randall v. Flemming, D.C.Mich.1961, 192 F.Supp. 111; Snelling v. Ribicoff, D.C.E.D.S.C., 198 F.Supp. 432 (1961); Corbin v. Ribicoff, D.C.W.D.S.C., 204 F.Supp. 65 (1962); Butler v. Flemming, (CA 5) 288 F.2d 591 (1961); Underwood v. Ribicoff (CA 4) 298 F.2d 850 (1962); Klimaszewski v. Flemming, (D.C.E.D.Pa.1959) 176 F.Supp. 927; Ribicoff v. Hughes, 295 F.2d 833 (CA 8, 1961); Kohrs v. Flemming, 272 F.2d 731 (CA 8, 1959); Roberson v. Ribicoff (CA 6) 299 F.2d 761 (1962); King v. Fleming, 289 F.2d 808 (CA 6, 1961); Teeter v. Flemming, 270 F.2d 871 (CA 7, 1959).

In my opinion the administrative decision in this case does not measure up to the adopted standards and tests of the Court of Appeals of the Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Circuits, nor is it in agreement with the tests and standards prescribed by the great majority of the United States District Courts.

■ My review of the entire record convinces me that the plaintiff's earning capacity and capabilities in engaging in any substantial gainful activity are negligible if not non-existent.

After a careful examination of the record in this case and the foregoing authorities, I am of the opinion that the final decision of the Secretary is not supported by substantial evidence and is clearly erroneous. On the contrary, the conclusion that plaintiff is unable to engage in any substantial gainful activity appears self-evident to me. Plaintiff in this case is the victim of medically determinable physical impairments of serious and substantial proportions which can only be expected to result in death or to be of long-continued and indefinite duration. As a direct result of her combined impairments plaintiff has been unable since February 22, 1960, to follow her life-long employment in manual labor in the cotton mill after being compelled to terminate same despite her willingness and desire to continue working. Plaintiff's combined physical impairments, when considered in connection with her individual circumstances of age, work experience, education, training and skill, serve to eliminate effectively, any reasonable possibility of suitable employment or employment for which plaintiff is qualified; she is unable to perform any substantial service with reasonable regularity in some competitive employment or self-employment.

Under the foregoing authorities, I must conclude, that the findings of the Secretary as to the establishment of a period of disability and disability insurance benefits are not supported by substantial evidence on the record considered as a whole and under the authority for appeal given by 42 U.S.C.A. § 405(g) the conclusion of the Secretary that the claimant was not entitled to the period of disability and the disability insurance

benefits was clearly erroneous, was incorrect, and must, therefore, be reversed.

It is, therefore, ORDERED, that the decision of the Secretary in this case be and the same is hereby reversed, with direction that judgment be entered for the plaintiff.