**Robert HILL, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. AC–1161.**

United States District Court
E. D. South Carolina,
Columbia Division.

Aug. 3, 1964.

Henderson, Salley & Cushman, Aiken, S. C., for plaintiff.

Terrell L. Glenn, Columbia, S. C., for defendant.

SIMONS, District Judge.

Plaintiff and defendant seek summary judgment in the above case. This is an action under Section 205(g) of the Social Security Act, as amended, (42 U.S.C.A. § 405(g)) to review a final decision of the Secretary of Health, Education and Welfare that plaintiff was not disabled within the meaning of the act on or before September 30, 1958, when he last met the earnings requirement and continuing to the date of filing his disability application on February 1, 1961.

Plaintiff is a white male born January 19, 1919, who completed approximately two grades of schooling. At the age of fourteen, he began work in a textile mill. He was drafted into the Army on June 30, 1944 at the age of 23 and served on active duty until April 14, 1946. After discharge from Military Service he resumed work in the textile mills and was employed until November, 1953. He is married and has three children approximately 22, 21 and 17 years of age.

Plaintiff worked in the mills regularly until November 1952, when he quit because he developed a fear of passing a window on the fourth floor. It seemed to him as if someone was pushing him or trying to make him jump out of the window. He returned to his job in 1953 and worked for five months but could not adjust. He was put into minor jobs but finally had to be discharged because of irregular attendance and indifference. He did not learn to weave.

Claimant has an extensive history of mental problems. He voluntarily entered University Hospital in 1953 and remained four days. He refused shock treatments

and was discharged. In 1955 plaintiff was found to have diagnoses of: "1. Obcessive, compulsive reaction; 2. Mental deficiency; 3. Chronic alcoholism." In 1958 he was admitted to the VA Hospital. He was discharged on June 18, 1958 with a diagnosis of: 1. Obcessive compulsive reaction, chronic, moderate Tr. Impr.; stress; Unknown; predisposition: unknown; impairment, moderate. There was a further notation in the files that "apparently, the patient is a dependent and a passive type of person and in fact totally dependent. * * *"

On August 4, 1959, plaintiff was examined by Doctor Thomas L. Clary, Jr. and the examination showed severe pylorospasm. He also stated that the plaintiff was disabled as a result of his nervous disorder and had not been able to get a job since 1953 and that the plaintiff was not fit for employment at that time.

He was again hospitalized in the VA Hospital from October 30, 1959 to November 7, 1959, and from November 20, 1960 to December 1, 1960. The records for these two periods are not in the record of this case. He was admitted again on December 27, 1960, and discharged January 5, 1961 with the following diagnosis: "1. Inadequate personality; stress: unknown; predisposition: Early deprivations and low intellect; Impairment: moderate." The record showed that his reasoning, judgment and insight were impaired. He was considered competent but discharged against medical advice and the recommendation was that he remain in the hospital.

Dr. T. W. Mappus, Jr. examined plaintiff on December 16, 1960 and the diagnosis was: "Chronic Anxiety Reaction; Cardiac Neurosis, Possible other Psychiatric Diagnosis." He also noted that plaintiff was unable to work and in need of long term psychiatric care.

Doctor H. G. Royal reported on April 30, 1962, that he had treated the plaintiff for ten or twelve years and that plaintiff had been hospitalized at Linwood Hospital on numerous occasions; that plaintiff had a severe anxiety reaction and attacks of angina and tachycardia; and that he considered the plaintiff to be totally and permanently disabled to do any manual labor.

In addition to the above medical history, claimant drinks to excess periodically and has been hospitalized for alcoholism. As a result of his drinking problem he has developed abnormal behavior, which includes abusiveness, threatening to kill himself and others and fighting with police authorities.

In reaching his decision adverse to the plaintiff, the Hearing Examiner finds "that claimant's chronic anxiety reaction and inadequate personality are not conditions of sufficient severity to prevent him engaging in some type of substantial gainful work at any time beginning on or prior to September 30, 1958, when he last met the earnings requirements. * * *" He notes that there is evidence in the record that plaintiff is of normal intelligence and is not psychotic.

The only question before the Court is whether there is substantial evidence to support the examiner's finding. Thomas v. Celebrezze, 4 Cir., 331 F.2d 541.

The record clearly shows that claimant was suffering from mental problems as early as 1945 when he was discharged from the Army with a diagnosis, among others, as a mental deficiency, moron, mental age 9 years 5 months. He has only a second or third grade education. Since 1953 his medical history of acute anxiety, inadequate personality and alcoholism has not improved over the years, but apparently has gotten worse. His last discharge from the VA Hospital was against the advice of the staff. There is nothing in the record to indicate plaintiff's rehabilitation in the foreseeable future. There is testimony to the effect that he cannot go out of the house unless accompanied by some member of the family. Doctors Mappus and Royal, plaintiff's family doctors for over 12 years, both find him unfit for any manual labor or responsibility. His reasoning, insight and judgment are impaired and he has low intellect.

■ Although the medical evidence in the record does not show the claimant to be psychotic, this factor alone would not negate his disability for purposes of the Social Security Act. As stated in Englander v. Flemming, 186 F.Supp. 773: The fact that the claimant has not been determined to be psychotic does not preclude the possibility of mental disease which would cause disability, and the mere fact that examples of types of mental impairment which can cause mental disability are listed in the Social Security Regulations does not mean that these examples are intended to be exclusive.

In reviewing this case the Court has been guided by the reasoning set forth in Foster v. Ribicoff, 206 F.Supp. 99:

■■ The act is concerned not with a standard man of ordinary and customary abilities, but with the particular person who may claim its benefits and the effect of the impairment upon that person, with whatever abilities or inabilities he has. Thus, if a medically determinable physical impairment exists, the Court should consider whether such impairment prevents the particular plaintiff from engaging in any substantial gainful activity for which he is qualified, and to that end may consider his education, training, and experience, as well as the nature and extent of the impairment itself.

■ It is the opinion of this Court that the Secretary is not supported in his decision by substantial evidence which will stand in the face of reasonableness and fairness.

It is very clear from the record in this case that plaintiff does have a mental disability and that his condition does prevent him from engaging in any substantial gainful activity. When viewed in the light of the medical evidence, his very limited education and his long history of mental illness, the Court can reach no other conclusion but that plaintiff is disabled within the meaning of the act. Although, he may not be physically disabled and may be able to move around and visit relatives and friends, this would not refute his disability for purposes of the act.

■■ It is not necessary that the plaintiff be bedridden to come within the purview of the act and where the statute refers to "any substantial gainful activity" the word any must be read in light of what is reasonable and not merely conceivable. Thomas v. Celebrezze, supra, 331 F.2d 541. It is, therefore,

Ordered that the claimant be entitled to benefits under the provisions of Sections 216, 223 and related sections of the Social Security Act, as amended.

Let judgment be entered for the plaintiff.