525 F.Supp. 261 (1981)
Salvatore MINUTO, Plaintiff,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.
No. 81 Civ. 2741(MP).
United States District Court, S. D. New York.
October 13, 1981.
*262 Giamboi, Reiss & Squitieri by S. Paul Squitieri, New York City, for plaintiff.
John S. Martin, Jr., U. S. Atty., S. D. N. Y., by Leona Sharpe, Asst. U. S. Atty., New York City, for defendant.

OPINION
MILTON POLLACK, District Judge.
This case involves an appeal from a denial of Social Security disability benefits. The Secretary has moved for judgment on the pleadings. Neither party has submitted a memorandum of law.
Salvatore Minuto is a 39 year old man, born in Italy, who speaks no English and who has only a fifth grade education. On September 6, 1979, he sustained a back injury while lifting a compressor at his construction job.
A hearing was held on Minuto's claim for disability benefits on October 20, 1980, at which an interpreter was present and Minuto was represented by counsel. On December 8, 1980, the Administrative Law Judge denied the claim for benefits, finding that "Regulation 404.1513 and Rule 201.23, Table No. 1 of Appendix 2, Subpart P, Regulations No. 4 directs a conclusion that the claimant ... is not disabled." (Finding No. 11).
On March 3, 1981, after accepting two additional medical reports in support of claimant's case, the Social Security Appeals Council denied Minuto's request for review of the ALJ's decision. On May 7, 1981, Minuto commenced an action in this Court to overturn the Secretary's decision.

I. THE LEGAL FRAMEWORK
The Social Security Act defines disability in substance as "an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (1976).
Though the Social Security Act is a remedial statute, which must be "liberally applied," *263 Marcus v. Califano, 615 F.2d 23, 29 (2d Cir. 1979); Cutler v. Weinberger, 516 F.2d 1282, 1285 (2d Cir. 1975), it is clear that the burden of proving disability is on the claimant, 42 U.S.C. § 423(d)(5) (1976); Parker v. Harris, 626 F.2d 225, 231 (2d Cir. 1980); Gold v. Secretary of H.E.W., 463 F.2d 38, 41 (2d Cir. 1972).
Moreover, "[i]t is not the function of a reviewing court to determine de novo whether the claimant is disabled." Parker v. Harris, 626 F.2d 225, 231 (2d Cir. 1980). Rather, the factual determinations of the Secretary are conclusive unless unsupported by substantial evidence; that is, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting Consolidated Edison Co. v. N.L. R.B., 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)).
"In reaching a conclusion as to disability, both objective and subjective factors are to be considered. These include objective medical facts, diagnoses or medical opinions based on such facts, subjective evidence of pain or disability testified to by the claimant or other witnesses, and the claimant's educational background, age and work experience." Parker, supra, 626 F.2d at 231; Bastien v. Califano, 572 F.2d 908, 912 (2d Cir. 1978).
"Once the claimant has established a prima facie case, by showing that his impairment prevents his return to his prior employment, the burden shifts to the Secretary, who must produce evidence to show the existence of alternative substantial gainful work which exists in the national economy and which the claimant could perform, considering not only his physical capability, but as well his age, his education, his experience and his training." Parker, supra, 626 F.2d at 231.

II. MINUTO'S CONDITION
According to his testimony at the hearing, Minuto has fairly constant pain in his lower back and right leg. He wakes up three or four times a night because of the pain. (Record at 32). While he can feed himself, Minuto needs assistance in putting on his shoes and socks. (R. 34). He cannot shop for food, prepare his meals or do household chores. (R. 33). He can drive short distances. (R. 30).
Though his doctor has suggested it, Minuto has refused all permission for a myelogram to ascertain the extent of his condition. (R. 32).
Before the hearing, the Social Security Administration had Minuto examined by two doctors, both of whom were specialists in general surgery rather than orthopedists. Dr. Samir K. Dutta diagnosed Minuto's ailments as a "low-disc derangement, possible L4-L5 level." (R. 74). He noted that movement in the right leg was somewhat limited. (R. 73). He found there was spinal spasm and that spinal flexion was limited to about 80 degrees. Moreover, he observed that "[t]he patient had difficulty squating [sic] because he cannot bend his right knee properly. He can, however, get up from the bed easily and can lie down on the bed easily without turning on his side." (R. 74).
Dr. Dutta thought Minuto "should be able to walk 5-6 blocks; stand for 1 hour; sit for 1-2 hours; lift up to 20 lbs." (R. 74).
Dr. Benjamin Tan thought Minuto had a "possible slipped disc with neurologic findings at the lower lumbar spine." (R. 83). He also noted "mild degenerative osteoarthritis of the lumbosacral spine" on the basis of X-rays which also noted a small spur arising from the L4 vertebra. (R. 83). Dr. Tan also noted that deep tendon reflexes were absent in the right knee jerk. (Id.)
Dr. Tan thought Minuto could occasionally carry or lift up to 20 lbs. and could sit for up to 2 hours, stand or walk for up to 4. According to him, Minuto was not able to squat, crawl or climb. (R. 85).
At the hearing, the ALJ received Dr. Elliot Gross' electrodiagnostic examination of Minuto, which indicated "evidence of a right L3-4-5 radiculopathy." (R. 92). Stedman's Medical Dictionary (3d lawyer's ed. 1972) defines radiculopathy as "disease of the spinal nerve roots."
*264 In a letter received as additional evidence before the Appeals Council, Dr. Gross stated that it was unlikely that Minuto could be faking his complaints, and concluded that "he has a bona fide involvement of nerve roots in his back related to the accident which has rendered him functionally disabled." (R. 93). Also received by the Appeals Council was a summary of an examination by Dr. Uriel Adar, who confirmed Dr. Gross' diagnosis and recommended that a CAT scan be done in place of a myelogram. (R. 94).

III. THE LEGAL ISSUES
The evidence in this case supports the ALJ's Finding # 6 that Minuto is unable to work at his previous jobs as a construction worker and gardener, which require climbing, stooping and the lifting of heavy objects. By demonstrating this fact, Minuto thereby carried his burden of establishing a prima facie case of disability.
Though the ALJ conceded that Minuto had a low-back derangement and radiculopathy, Finding # 2, he concluded that the applicable Social Security regulations dictated a conclusion that Minuto was not disabled.
There appear to be two issues in this case: 1) whether the ALJ properly applied the regulations, and 2) whether the regulations are consistent with prior cases that have required the Secretary to make specific findings that an individual can perform alternative employment before finding him not disabled.

A. Were the Regulations Properly Applied?

The current regulations governing the grant of disability benefits appear in 20 C.F.R., Subpart P. Under these regulations, if a claimant's impairment meets or equals those listed in Appendix 1 of Subpart P, the claimant is automatically found disabled. The Appendix is fairly technical, but as far as I can determine, it includes only the most serious impairments, as, for example, multiple vertebral fractures. The ALJ's determination that Minuto's impairments did not meet the severity of those listed in Appendix 1 appears correct, therefore.
The ALJ then correctly referred to Appendix 2, which governs disability determinations if Appendix 1 is not satisfied. Under Appendix 2, the ALJ was required to determine what kind of work Minuto was still able to do despite his impairment. The ALJ found that Minuto was capable of sedentary work. He then applied Rule 201.23 of Appendix 2 (finding it relevant in view of Minuto's age, educational background and previous work experience), which directs a finding of not disabled.
Under the regulations,
Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. § 1567(a) (1981).
The regulations note that though most sedentary jobs are skilled, "[a]pproximately 200 separate unskilled sedentary occupations can be identified, each representing numerous jobs in the national economy. Approximately 85 percent of these jobs are in the machine trades and benchwork occupational categories. These jobs (unskilled sedentary occupations) may be performed after a short demonstration or within 30 days." 20 C.F.R. Subpart P, Appendix 2, § 200.10(a)(1981).
Though Rule 201.23 of Appendix 2 was applicable to Minuto's case in light of his age, education and previous work experience, a footnote to that Rule refers to § 201.00(h) of the same Appendix. That subsection notes that individuals
"(1) who are restricted to sedentary work, (2) who are unskilled or who have no transferable skills, (3) who ... can no longer perform vocationally relevant past *265 work, and (4) who are either illiterate or unable to communicate in the English language,
may be found disabled if they "do not meet all of the criteria of a specific rule and ... do not have the ability to perform a full range of sedentary work."[*]
It can be argued that Minuto is unable to perform the full range of sedentary work because he cannot sit for long periods of time. "[B]y definition," one court has stated, "to be considered capable of performing sedentary work one must be capable of sitting for a significant period." Smith v. Schweiker, 520 F.Supp. 27 (D.N.H.1981). Both Dr. Dutta and Dr. Tan agreed that Minuto would not be able to sit for more than 2 hours.
Moreover, the regulations also note that:
[i]nability to engage in substantial gainful activity would be indicated where an individual who is restricted to sedentary work ... lacks special skills or experience relevant to sedentary work, lacks educational qualifications to most sedentary work (e. g., has a limited education or less) and the individual's age, though not necessarily advanced, is a factor which significantly limits vocational adaptability. 20 C.F.R. Subpart P, Appendix 2, § 201.00(c).
In this case, Minuto cannot speak English and has only a fifth grade education in any event. He is close to forty, and has worked at unskilled manual labor all his life. Furthermore, the ALJ made no inquiry as to whether Minuto had ever obtained any experience that would lead one to believe that he would be hired by anyone for an unskilled sedentary job despite his illiteracy, lack of education, and lack of work experience.
On the other hand, as the regulations note elsewhere,
While illiteracy or the inability to communicate in English may significantly limit an individual's vocational scope, the primary work functions in the bulk of unskilled work relate to working with things (rather than with data or people) and in these work functions at the unskilled level, literacy or ability to communicate in English has the least significance.... Thus, the functional capability for a full range of sedentary work[**] represents sufficient numbers of jobs to indicate substantial vocational scope for those individuals age 18-44 even if they are illiterate or unable to communicate in English. Id. § 201.00(i).
In consequence, the ALJ did not properly consider the prospects for sedentary job employment in light of the fact that Minuto speaks no English and has only a fifth grade education. The mechanical application of Rule 201.23 was inappropriate in light of the fact that the footnote to the Rule provides for its mitigation in certain circumstances.

B. Are the Regulations Consistent With Prior Cases?

Generally, the Secretary has been required to "identify specific alternative occupations available in the national economy that would be suitable for the claimant." Decker v. Harris, 647 F.2d 291, 298 (2d Cir. 1981). Ordinarily, this is done through the testimony of a vocational expert at the administrative hearing, though there is no per se rule requiring such testimony in this Circuit. Id. The specificity requirement has two purposes: to give notice and an opportunity to the claimant to rebut the Secretary's evidence; and to facilitate judicial review by creating a satisfactory administrative record. Id.
The regulations governing disability benefits "raise a question of consistency" with the specificity requirement. Id. at 297. *266 The regulations purport to take administrative notice of the numbers and types of jobs that exist throughout the national economy. See 20 C.F.R. § 404.1566(d) (1981).
However, in Decker the Court of Appeals was of the opinion that
if the Secretary chooses to proceed without expert testimony by taking administrative notice, the Secretary must provide a similar degree of specificity to achieve the underlying objectives of procedural fairness to the claimant and preservation of an adequate record for review. The key consideration in the administrative proceeding must be that the claimant be given adequate opportunity to challenge the suitability or availability of the jobs noticed. 647 F.2d at 298.
In this case, Minuto was given no such opportunity. Rather than finding that Minuto was capable of performing some particular job despite his disability, the ALJ simply employed Rule 201.23 to find that Minuto was not disabled.
In other circuits, while some courts have merely reviewed the record to make sure that the regulations have been properly applied, see, e. g., Frady v. Harris, 646 F.2d 143 (4th Cir. 1981); Sloan v. Secretary of H.H.S., 512 F.Supp. 1296 (N.D.W.Va.1981), others have found that the Secretary's burden of proof is not satisfied simply by resort to the rules in Appendix 2, Santise v. Harris, 501 F.Supp. 274 (D.N.J.1980) especially when non-exertional limitations (such as psychological problems) are present. Freeman v. Harris, 509 F.Supp. 96, 103 (D.S.C. 1981); Maurer v. Harris, 502 F.Supp. 320, 323 (D.Or.1980); Phillips v. Harris, 488 F.Supp. 1161, 1166 (W.D.Va.1980).
Minuto's inability to communicate in English might be thought to be a non-exertional limitation, since it is not strictly a physical impairment. Even if it is not so viewed, however, the Secretary may not have satisfied his burden of proof in this case.
As stated by the court in Santise v. Harris, 501 F.Supp. 274, 276 (D.N.J.1980):
To put it simply, H.E.W.'s reliance on a grid, drawn in advance to cover a wide variety of individual cases, does not satisfy its obligation of basing its conclusion on substantial evidence. An abstract chart in a reference book, keyed to only four factors, does not provide the claimant with the individualized consideration of the facts of her own particular case that she is entitled to under the Act.
The court in Phillips v. Harris, 488 F.Supp. 1161, 1167 (W.D.Va.1980) criticized the actions of the ALJ that were very similar to those in this case.
The Secretary has used this mechanical formula to avoid the requirements of well established case law; instead of going forward with the burden of proof as required, they have rested on the Administrative Law Judge's application of Appendix II. This practice is deficient. In the instant cases, the Law Judge failed to identify any specific jobs in which the plaintiffs could be expected to perform. No vocational expert testified. No attempt was made to identify the skills necessary in any of the alternate work roles that were considered to be within plaintiffs' capacity. No attempt was made to assess the limitations imposed by plaintiffs' specific impairments against the requirements of any particular job.
The court concluded:
No reasoning, argument, or rationale has been presented to remotely support the contention that the new regulations have been organized in such a manner as to suddenly vest the administrative law judges with the vocational expertise that numerous cases have held they do not possess. Id. at 1168.

CONCLUSION
The Secretary has failed to carry his burden of proof to show the possibility of alternative employment, since neither the ALJ nor the Appeals Council did anything more than refer to the regulations. There was no individualized consideration of Minuto's situation, though it was by no means a typical one.
*267 Accordingly, the motion for judgment on the pleadings is denied and this case is remanded to the Secretary of Health and Human Services for proceedings consistent with the conclusions herein.
SO ORDERED.

APPENDIX

Appendix 2 Title 20Employees' Benefits
TABLE No. 1  RESIDUAL FUNCTIONAL CAPACITY: MAXIMUM SUSTAINED WORK CAPABILITY
 LIMITED TO SEDENTARY WORK AS A RESULT OF SEVERE MEDICALLY DETERMINABLE IMPAIRMENT(S)
  Continued
------------------------------------------------------------------------------------------------------------------------------------------------
 Rule | Age | Education | Previous work experience | Decision
------------------------------------------------------------------------------------------------------------------------------------------------
201.04 ........ | Advanced age ........... | High school graduate or more | Unskilled or none ................... | Disabled.
 | |  does not provide for direct | |
 | | entry into skilled work[2]. | |
201.05 ........ | ...do .................. | High school graduate or more | ...do ............................... | Not disabled.
 | |  provides for direct entry | |
 | | into skilled work[2]. | |
201.06 ........ | ...do .................. | High school graduate or more | Skilled or semiskilledskills | Disabled.
 | |  does not provide for direct | not transferable[1]. |
 | | entry into skilled work[2]. | |
201.07 ........ | ...do .................. | ...do ................................... | Skilled or semiskilledskills | Not disabled.
 | | | transferable[1]. |
201.08 ........ | ...do .................. | High school graduate or more | Skilled or semiskilledskills | Do.
 | |  provides for direct entry | not transferable[1]. |
 | | into skilled work[2]. | |
201.09 ........ | Closely approaching | Limited or less ......................... | Unskilled or none ................... | Disabled.
 | advanced age. | | |
201.10 ........ | ...do .................. | ...do ................................... | Skilled or semiskilledskills | Do.
 | | | not transferable. |
201.11 ........ | ...do .................. | ...do ................................... | Skilled or semiskilledskills | Not disabled.
 | | | transferable. |
201.12 ........ | ...do .................. | High school graduate or more | Unskilled or none ................... | Disabled.
 | |  does not provide for direct | |
 | | entry into skilled work[3]. | |
201.13 ........ | ...do .................. | High school graduate or more | ...do ............................... | Not disabled.
 | |  provides for direct entry | |
 | | into skilled work[3]. | |
201.14 ........ | ...do .................. | High school graduate or more | Skilled or semiskilledskills | Disabled.
 | |  does not provide for direct | not transferable. |
 | | entry into skilled work[3]. | |
201.15 ........ | ...do .................. | ...do ................................... | Skilled or semiskilledskills | Not disabled.
 | | | transferable. |
201.16 ........ | ...do .................. | High school graduate or more | Skilled or semiskilledskills | Do.
 | |  provides for direct entry | not transferable. |
 | | into skilled work[3]. | |
201.17 ........ | Younger individual | Illiterate or unable to communicate | Unskilled or none ................... | Disabled.
 | age 45-49. | in English. | |
201.18 ........ | ...do .................. | Limited or lessat least literate | ...do ............................... | Not disabled.
 | | and able to communicate | |
 | | in English. | |
201.19 ........ | ...do .................. | Limited or less ......................... | Skilled or semiskilledskills | Do.
 | | | not transferable. |
201.20 ........ | ...do .................. | ...do ................................... | Skilled or semiskilledskills | Do.
 | | | transferable. |
201.21 ........ | ...do .................. | High school graduate or more ............ | Skilled or semiskilledskills | Do.
 | | | not transferable. |
201.22 ........ | ...do .................. | ...do ................................... | Skilled or semiskilledskills | Do.
 | | | transferable. |
201.23 ........ | Younger individual | Illiterate or unable to communicate | Unskilled or none ................... | Do.[4]
 | age 18-44. | in English. | |
201.24 ........ | ...do .................. | Limited or lessat least literate | ...do ............................... | Do.[4]
 | | and able to communicate | |
 | | in English. | |
201.25 ........ | ...do .................. | Limited or less ......................... | Skilled or semiskilledskills | Do.[4]
 | | | not transferable. |
201.26 ........ | ...do .................. | ...do ................................... | Skilled or semiskilledskills | Do.[4]
 | | | transferable. |

*268
------------------------------------------------------------------------------------------------------------------------------------------------
 Rule | Age | Education | Previous work experience | Decision
------------------------------------------------------------------------------------------------------------------------------------------------
201.27 ........ | ...do .................. | High school graduate or more ............ | Unskilled or none ................... | Do.[4]
201.28 ........ | ...do .................. | ...do ................................... | Skilled or semiskilledskills | Do.[4]
 | | | not transferable. |
201.29 ........ | ...do .................. | ...do ................................... | Skilled or semiskilledskills | Do.[4]
 | | | transferable. |
------------------------------------------------------------------------------------------------------------------------------------------------

NOTES
[1] See 201.00(1).
[2] See 201.00(d).
[1] See 201.00(1).
[2] See 201.00(d).
[3] See 201.00(g).
[4] See 201.00(h).
[1] See 201.00(1).
[2] See 201.00(d).
[3] See 201.00(g).
[4] See 201.00(h).