**Elizabeth WHEELER, et al., Plaintiffs-Appellees-Cross-Appellants,**

v.

**Margaret M. HECKLER, Secretary of the United States Department of Health and Human Services, et al., Defendants-Appellants-Cross-Appellees.**

**Nos. 1044, 1377, Dockets 82–6310, 82–6326.**

United States Court of Appeals, Second Circuit.

Dec. 2, 1983.

Before NEWMAN and PRATT, Circuit Judges, and METZNER, District Judge.*

NEWMAN, Circuit Judge:

On petition for rehearing, the plaintiffs contend that our decision, 719 F.2d 595, has rejected what they characterize as "the improvement standard" for determining when disability benefits, once awarded, may be terminated. The issue on the merits that we decided was whether a grandfatheree, a person found to be disabled under the stan-

dards of a state plan in effect for October 1972 and receiving payments since December 1973, could continue to receive benefits if he met the disability standards of Vermont's plan in effect for October 1972. We answered in the affirmative. We rejected the Secretary's view that the plaintiff must meet only the prevailing federal standard; we disagreed with the Secretary's alternative contentions that the federal standard was equivalent to the Vermont standard and that the Vermont standard was not ascertainable. We also rejected the District Court's ruling that every grandfathered beneficiary could resist termination of benefits, in lieu of showing continued disability under the Vermont standard, simply by pointing to a prior finding of disability and relying on the Secretary's failure to prove that his current medical condition had improved compared to what it had been at the time of the disability determination.

What plaintiffs apprehend is that our ruling forecloses consideration of any role for the concept of "medical improvement" in disability termination cases. It does not. What sort of record will meet the "substantial evidence" test in termination cases, whether the Secretary bears some burden of producing evidence of medical improvement after a beneficiary has presented evidence that the medical condition underlying the prior determination has continued, *see Kuzmin v. Schweiker,* 714 F.2d 1233, 1238 (3d Cir.1983), and whether a burden of persuasion remains with the beneficiary are issues that were not presented and not decided on this appeal. Our Court has adverted to those questions, *Delamater v. Schweiker,* 721 F.2d 50 at 54 (2d Cir.1983); *Schauer v. Schweiker,* 675 F.2d 55, 57–59 (2d Cir.1982), but not resolved them. They remain for another day.

The petition is denied.

---

* The Honorable Charles M. Metzner of the United States District Court for the Southern District of New York, sitting by designation.