**Salvatore MAZZELLA, Plaintiff,**

**v.**

**SECRETARY OF UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. 82 Civ. 6731(RJW).**

United States District Court,
S.D. New York.

March 8, 1984.

Scheine, Fusco & Brandenstein, P.C., New York City, for plaintiff; Victor Fusco, New York City, of counsel.

John S. Martin, Jr., U.S. Atty., S.D.N.Y. New York City, for defendant; Jonathan A. Lindsey, Asst. U.S. Atty., Annette H. Blum, Regional Atty., Michael Noorigian, Asst. Regional Atty., New York City, of counsel.

ROBERT J. WARD, District Judge.

This is an action under section 205(g) of the Social Security Act (the "Act") as amended, 42 U.S.C. § 405(g), for judicial review of a final decision by the Secretary of Health and Human Services (the "Secretary")[1] denying plaintiff's application for reinstatement of disability insurance benefits. The Secretary held that plaintiff had failed to demonstrate that he continued to suffer from a disability within the meaning of the Act. Both plaintiff and defendant move for judgment on the pleadings pursuant to Rule 12(c), Fed.R.Civ.P. For the reasons hereinafter stated, plaintiff's motion is granted insofar as it seeks a remand, defendant's cross-motion is denied and the case is remanded to the Secretary.

## BACKGROUND

Plaintiff, Salvatore Mazzella, currently thirty-two years old, was born in Florence, Italy and immigrated to the United States in 1966. He speaks and understands little English and has the equivalent of a fifth-grade education. Plaintiff is single and lives with his parents and a younger brother. Between 1968 and 1974, he worked as a warehouseman, unloading trucks in a glove factory, and as a house porter. He began suffering from thrombophlebitis of the left leg in the early 1970's, a condition which has required repeated hospitalization as well as surgery. He has not worked more than six weeks at a time since 1974 and has not worked at all since 1978. A period of disability was established for plaintiff beginning June 30, 1972 and he began receiving disability insurance benefits in 1974. Plaintiff's case was administratively reviewed in 1979 and it was determined that he had become able to do substantial gainful activity in October 1979. His entitlement to disability benefits was terminated two months later.

After plaintiff's application for reconsideration of his benefits termination was denied, he filed a timely request for an administrative hearing, which was held on June 19, 1981. Plaintiff appeared pro se at this hearing. At the hearing plaintiff argued that his disability had not ceased and that he continued to experience pain, numbness, swelling, ulcerations and bleeding in his legs and feet. The Administrative Law

---

1. Margaret M. Heckler succeeded Richard S. Schweiker as Secretary of Health and Human Services on March 9, 1983, and has been substituted as defendant in this action, pursuant to Section 205(g) of the Act, and Rule 25(d)(1), Fed.R.Civ.P.

Judge, Edward Steinman (the "ALJ"), found that plaintiff's disability had ceased in December 1979, and that plaintiff had not been under a disability since that time. On August 12, 1982, this finding became the final decision of the Secretary when it was adopted by the Appeals Council.

## DISCUSSION

The legal principles that govern the Court's decision on the instant motions are well settled. "Disability" is defined in the Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The mere presence of an impairment is not disabling within the meaning of the Act. Rather, a person may be determined to be under a disability only if his or her impairment is of such severity that the claimant is not only unable to do his or her previous work, but cannot engage in any kind of substantial gainful work that exists in the national economy. 42 U.S.C. § 423(d)(2)(A).

■ A claimant seeking an original award of disability benefits bears the initial burden of proving disability. 42 U.S.C. § 423(d)(5); *see Schauer v. Schweiker*, 675 F.2d 55 (2d Cir.1982); *Carter v. Schweiker*, 649 F.2d 937, 940 (2d Cir.1981); *Gold v. Secretary of HEW*, 463 F.2d 38, 41 (2d Cir.1972). The claimant satisfies this burden by making out a *prima facie* case, that is, by showing that his or her impairment prevents return to his or her prior employment. *Parker v. Harris*, 626 F.2d 225, 231 (2d Cir.1980); *Bastien v. Califano*, 572 F.2d 908, 912–13 (2d Cir.1978). The burden then shifts to the Secretary, who must pro-duce evidence to show the existence of alternative substantial gainful work that exists in the national economy that the claimant could perform. *Parker v. Harris, supra*, 626 F.2d at 231; *Bastien v. Califano, supra*, 572 F.2d at 912–13.

Although the instant case involves plaintiff's challenge to the termination of his disability benefits, the Court perceives no basis for altering this allocation of the burdens of proof. In this case, the Secretary has conceded that plaintiff could not return to his prior work as a warehouseman. Thus, plaintiff has satisfied his burden of establishing a *prima facie* case of continuing disability. Accordingly, the burden of proof in this case has shifted to the Secretary to demonstrate that there exists substantial gainful activity in the national economy that plaintiff could perform.[2]

■ In reaching a conclusion as to disability, both objective and subjective factors are to be considered. These include objective medical facts, diagnoses or medical opinions based on such facts, subjective evidence of pain or disability testified to by the claimant or other witnesses, and the claimant's educational background, age, and work experience. *Rivera v. Harris*, 623 F.2d 212, 216 (2d Cir.1980); *Bastien v. Califano, supra*, 572 F.2d at 912; *Gold v. Secretary of HEW, supra*, 463 F.2d at 41 n. 2. These factors need not be given equal weight. The expert opinion of the claimant's treating physician is entitled to particular weight, and "in the absence of substantial contradictory evidence, the opinion of the claimant's treating physician is binding on the Secretary." *Hankerson v. Harris*, 636 F.2d 893, 896 (2d Cir.1980); *see Eiden v. Secretary of HEW*, 616 F.2d 63, 64 (2d Cir.1980); *Alvarado v. Califano*, 605 F.2d 34, 35 (2d Cir.1979); *Bastien v. Califano, supra*, 572 F.2d at 912.

---

**2.** In concluding that the Secretary bears the burden of proof once a claimant has established a *prima facie* case, the Court does not reach the question of whether the Secretary bears the burden of demonstrating medical improvement in a benefits termination case in which the claimant has not established a *prima facie* case. This question was expressly left unresolved in *Wheeler v. Heckler*, 724 F.2d 262, 263 (2d Cir. 1983), and need not be addressed here.

However, even if this Court were to conclude that the burden of proving disability in the instant case remains with plaintiff, the Court must also conclude that plaintiff has satisfied this burden. The Secretary has conceded that plaintiff cannot return to his prior employment and the evidence in the record demonstrates that plaintiff lacks the residual functional capacity for even sedentary work.

■ The Secretary has the duty of making the determination of disability under the principles set out above. It is not the function of this Court, which sits in the present context as a reviewing court, to determine *de novo* whether the claimant remains disabled. Assuming the Secretary has applied proper legal principles, judicial review is limited to an assessment of whether the findings of fact are supported by substantial evidence. If they are so supported, they are conclusive. 42 U.S.C. § 405(g). *See Rivera v. Harris, supra,* 623 F.2d at 216; *Bastien v. Califano, supra,* 572 F.2d at 912; *Gold v. Secretary of HEW, supra,* 463 F.2d at 41. "Substantial evidence" means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938)). *See generally Parker v. Harris, supra,* 626 F.2d at 230–32.

■ Applying these principles to the instant case, the Court concludes that the Secretary's decision that plaintiff can perform "sedentary work" is not supported by substantial evidence, and that the case must be remanded. The unrefuted medical evidence before the Secretary indicates that plaintiff can stand and walk for one hour during an eight-hour workday, and that he can sit for three hours if he elevates his left leg. He cannot lift or carry even five pounds. This evidence establishes that plaintiff cannot perform even "sedentary work."

In his decision of August 19, 1981, the ALJ found that plaintiff "is unable to perform his past relevant work as warehouseman [sic]." (Tr. 19). This conclusion is amply supported by the evidence, and is not challenged by either party in this action. This finding shifted the burden of proof to the Secretary to show that plaintiff could perform some other form of substantial gainful activity. *See supra* at 605. In an effort to satisfy this burden, the Secretary offers the finding of the ALJ that plaintiff "has the residual functional capacity for at least sedentary work as defined in Regulation 404.1510[sic]."

However, in the instant case, plaintiff was unable to engage in sedentary work because he could neither lift the prescribed amount, nor sit for the minimum time period required for such work. The Regulations define sedentary work as follows:

Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a).

The only relevant medical evidence in the record with respect to plaintiff's capacity to lift or carry objects was the report of Dr. Taller, plaintiff's treating physician. Dr. Taller indicated that plaintiff was unable to lift or carry objects weighing even less than five pounds. According to Dr. Taller, then, plaintiff would be unable to lift even the minimal amounts necessary for sedentary work. As the Second Circuit has repeatedly stated, "when no contradictory evidence is presented, a treating physician's expert opinion is binding on the Secretary." *Alvarado v. Califano, supra,* 605 F.2d at 35; *See also Eiden v. Secretary of HEW, supra,* 616 F.2d at 64; *Singletary v. Secretary HEW,* 623 F.2d 217, 219 (2d Cir.1980); *Bastien v. Califano, supra,* 572 F.2d at 912. This admonition was not heeded in the instant case. Dr. Taller's determination was the only evidence before the ALJ with respect to this issue, and should have been accepted by the Secretary.

Similarly, the Secretary's conclusion that plaintiff could sit for only five hours per day further demonstrates that plaintiff is unable to perform the range of activities encompassed in the category of sedentary work. The physical exertional requirements of jobs involving sedentary work are defined by the Secretary in accordance with

the criteria set forth in the *Dictionary of Occupational Titles* published by the Department of Labor. 20 C.F.R. § 404.1567. As the courts have explained:

> The *Dictionary of Occupational Titles,* which is a generally accepted guide in gauging employment capability in these cases, states that sedentary work implies a capacity to sit for *at least* 6 hours in an eight hour work day.

*Tyler v. Weinberger,* 409 F.Supp. 776, 791 (E.D.Va.1976) (emphasis in original.) *See also Smith v. Heckler,* No. 82–2470, slip op. at n. 3 (S.D.N.Y. March 22, 1983); *Minuto v. Secretary of HHS,* 525 F.Supp. 261, 265 (S.D.N.Y.1981); *Smith v. Schweiker,* 520 F.Supp. 27, 35 (D.N.H.1981); *Deutsch v. Harris,* 511 F.Supp. 244, 249 (S.D.N.Y.1981); *Moguez v. Harris,* 512 F.Supp. 11, 15 (D.Colo.1980). Thus, even if plaintiff could sit for five hours per day, as the Secretary concluded, he would still be unable to satisfy the physical exertional requirements for sedentary work.

Moreover, the uncontradicted determination of plaintiff's treating physician, Dr. Taller, that plaintiff could sit no more than three hours in an eight-hour workday conflicts sharply with the conclusion of the Secretary that plaintiff could sit for five hours per day, and with her determination that plaintiff had the residual functional capacity for sedentary work. These conclusions were not refuted by any other medical evidence presented to the ALJ or submitted to the Appeals Council after the ALJ's decision, and, thus, were binding upon the Secretary.[3] Because of the Secretary's failure to accept the unrefuted conclusions of plaintiff's treating physicians and to heed the physical exertional requirements for sedentary work contained in the regulations and reinforced by case law, this Court cannot agree with the Secretary's determination that plaintiff had the residual functional capacity for sedentary work.

The Court is also troubled by the Secretary's conclusion that plaintiff was not "disabled" because he could engage in part-time sedentary work. Although the Regulations provide that work "may be substantial even if it is done on a part time basis...." 20 C.F.R. § 404.1572(a), the cases raise considerable question as to how that regulation is to be applied. While at least one court holds that part-time work *can* be "substantial gainful activity" *see Burkhalter v. Schweiker,* 711 F.2d 841, 844–45 (8th Cir.1983); *see also Arocho v. Secretary of HHS,* 670 F.2d 374, 376 (1st Cir.1982), other courts have held that such activity means only *full-time* work on a regular basis. *See Johnson v. Harris,* 612 F.2d 993, 998 (5th Cir.1980) ("a physical

---

**3.** The naked assertion of Dr. Cabot that "[t]he patient is not totally disabled. He is capable of part-time work." (Tr. 64) is of little effect. The determination that a claimant is or is not disabled within the meaning of the Act is to be made by the Secretary. A physician's conclusion on the issue of disability is not determinative. 20 C.F.R. § 404.1527; *See also, Alvarado v. Weinberger,* 511 F.2d 1046 (1st Cir.1975); *McAndrew v. Heckler,* 562 F.Supp. 1227, 1231 n. 4 (S.D.N.Y.1983); *Hofacker v. Weinberger,* 382 F.Supp. 572, 576 (S.D.N.Y.1974).

Included in the additional evidence submitted to the Appeals Council were the reports of Dr. Justus Kaufman and Dr. Anthony Pietropinto, both of whom found that plaintiff suffered from significant exertional limitations. Although the Court does not rely for its decision on the reports of either of these doctors, the Court must disagree with the conclusion of the Appeals Council that this evidence is not material because it "relates to results of examinations conducted before and after the date that it was determined that [plaintiff's] disability had ceased." It is true that regardless of how severe an impairment becomes after the Secretary's decision, one is not entitled to benefits unless the impairment were disabling prior to the expiration of one's insured status. But it by no means follows from this that evidence bearing upon plaintiff's previous or subsequent medical condition is necessarily irrelevant to the question of the existence of a subsequent or previous disability. It is now well-established in the Second Circuit that such evidence is pertinent in that it may disclose the severity and continuity of impairments existing before the date of the Secretary's decision, or may identify additional impairments which could reasonably be presumed to have been present and to have imposed limitations as of that date. *Carnevale v. Gardner,* 393 F.2d 889, 890 (2d Cir.1968); *See also Gold v. Secretary of HEW, supra,* 463 F.2d 38, 41–42; *Selig v. Richardson,* 379 F.Supp. 594, 599 (E.D.N.Y.1974); *Mann v. Richardson,* 323 F.Supp. 175, 177 (S.D.N.Y.1971) ("plaintiff's total medical condition and history must be considered in deciding whether [he] sustained [his] burden of proof").

608

limitation which prevents a claimant from working a full workday, minus a reasonable time for lunch and breaks, constitutes a disability within the meaning of the Act"); *Kornock v. Harris,* 648 F.2d 525, 527 (9th Cir.1980); *Cornett v. Califano,* 590 F.2d 91, 94 (4th Cir.1978) ("the ability to work only a few hours a day or to work only on an intermittent basis is not the ability to engage in 'substantial gainful activity'"); *Greene v. Weinberger,* 391 F.Supp. 632, 637 (E.D.Pa.1975) ("the ability to work only part-time does not constitute the ability to perform substantial gainful employment within the terms of the Social Security Act"); *McDowell v. Richardson,* 439 F.2d 995, 997 (6th Cir.1971) (per curiam) (ability to work only intermittently in an eight-hour work day does not meet Secretary's burden)  These cases make clear that, for part-time work to constitute "substantial gainful activity," it must be "substantial," *Burkhalter v. Schweiker, supra,* 711 F.2d at 845 & n. 5 (ability to work five hours per day, five days per week), and not for just "a few hours a day." *Cornett v. Califano, supra* 590 F.2d at 94; *Kornock v. Harris, supra* 648 F.2d at 527.[4]

## CONCLUSION

The unrefuted medical evidence before the Secretary indicates that plaintiff can stand and walk for only one hour during an eight-hour workday, and that he can sit for three hours if he elevates his left leg.  He cannot lift or carry even five pounds.  The Secretary's determination that plaintiff is not disabled because he can perform "sedentary work" is, therefore, not supported by substantial evidence.

Accordingly, plaintiff's motion for judgment on the pleadings is granted insofar as it seeks a remand, defendant's cross-motion is denied, and the case is remanded to the

Secretary for proceedings consistent with this decision.  The action is dismissed, subject to its being reopened by either party within a reasonable time following any further proceedings by the Secretary.

It is so ordered.

**4.** As the courts have repeatedly observed:
    "Substantial gainful activity" means the performance of substantial services with reasonable regularity in some competitive employment. . . .  Complete helplessness is not necessary to a finding of an allowable disability. *Zimbalist v. Richardson,* 334 F.Supp. 1350, 1355 (E.D.N.Y.1971).  *See e.g., Broadbent v. Harris,* 698 F.2d 407, 413 (10th Cir.1983); *Tucker v. Schweiker,* 650 F.2d 62, 63–64 (5th Cir.1981);

*Jarvis v. Ribicoff,* 312 F.2d 707, 710 (6th Cir. 1963); *Morrone v. Secretary of Health, Education and Welfare,* 372 F.Supp. 794, 801 (E.D.Pa. 1974); *Prevette v. Richardson,* 316 F.Supp. 144, 147 (D.S.C.1970) *quoting Foster v. Ribicoff,* 206 F.Supp. 99, 101 (W.D.S.C.1962); *Prestigiacomo v. Celebrezze,* 234 F.Supp. 999, 1003 (E.D.La. 1964); *Austin v. Celebrezze,* 230 F.Supp. 256, 259 (S.D.Tex.1964).