Isaias ALVARADO, Plaintiff-Appellant,

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education, and Welfare, Defendant-Appellee.

No. 7, Docket 79–6019.

United States Court of Appeals, Second Circuit.

Argued and Decided Sept. 4, 1979.

ed, a treating physician's expert opinion is binding on the Secretary. *See Bastien v. Califano*, 572 F.2d 908, 912 (2d Cir. 1978); *accord, Gold v. Secretary of Health, Education and Welfare*, 463 F.2d 38, 42 (2d Cir. 1972). In this case, the only evidence before the administrative law judge detailed a number of medical findings including evidence that Mr. Alvarado suffered from duodenitis, a possible ulcer, and depression, as well as a determination that he is unable to work. Nevertheless, the Secretary argues that *Bastien* is inapplicable when the only relevant medical evidence is a "conclusory" statement that the claimant is disabled. 20 C.F.R. § 404.1526 (1979). We need not, however, reach this question because the record contains significant medical evidence that Mr. Alvarado suffers from a variety of the possibly disabling ailments set forth above. The Secretary could have adduced further medical evidence that might have contradicted the opinion of Mr. Alvarado's physician, Dr. Espejo, see 20 C.F.R. § 404.-1527 (1979), but made no effort to do so. On remand, the Secretary may adduce further medical evidence that will either confirm or contradict Mr. Alvarado's claim.

Reversed and remanded to the Secretary.

Paul Eskenazi, New York City (Fredric A. Leslie, New York City, of counsel), for plaintiff-appellant.

Robert B. Fiske, Jr., U. S. Atty., Southern District of New York, New York City (Gaines Gwathmey III, Michael H. Dolinger, Asst. U. S. Attys., New York City, of counsel), for defendant-appellee.

Before KAUFMAN, Chief Judge, and NEWMAN and KEARSE, Circuit Judges.

PER CURIAM:

We reverse the judgment below and remand to the Secretary of Health, Education, and Welfare for further proceedings consistent with this opinion.

 The single question presented on this appeal is whether the Secretary's decision that Mr. Alvarado was not "disabled" is supported by "substantial evidence." 42 U.S.C. § 405(g) (1976); *see Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). We have held that when no contradictory evidence is present-