**Macey PERRY, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. 79 C 2020.**

United States District Court, E. D. New York.

Nov. 10, 1980.

---

Macey Perry, pro se.

Edward R. Korman, U. S. Atty., Eastern District of New York, Brooklyn, N. Y. by Richard H. Dolan, Asst. U. S. Atty., Brooklyn, N. Y., for defendant; Frank V. Smith, III, Regional Atty., and Barry J. Reiber, Dept. of Health and Human Services, New York City, of counsel.

## MEMORANDUM OF DECISION AND ORDER

NEAHER, District Judge.

This action to review a denial of Social Security disability insurance benefits and Supplemental Security Income (SSI) for which plaintiff had applied was initially referred to a United States Magistrate to review the administrative record, hear the contentions of the parties, and report to the court his recommended disposition of the defendant Secretary's motion for judgment on the pleadings. The matter is now before the court on the Magistrate's report recommending that the case be remanded to the Secretary for the purpose of developing additional evidence on the question of plaintiff's ability to return to her former occupation in light of the medical evidence of record. After an independent searching review of the record, the court agrees that the case should be remanded to the Secretary for the reasons noted below.

This 58 year–old plaintiff worked for 30 years for one employer as a presser in a laundry until the employer ceased business. Thereafter, as confirmed by her earnings record, she worked for another laundry during periods in 1974 and 1975 until she was again laid off (Tr. 20, 77). Her work required standing for eight hours a day and pushing carts of clothing weighing perhaps 50 to 100 pounds (Tr. 78).

On January 25, 1977 she filed prior applications for disability insurance benefits and SSI claiming disability by reason of high blood pressure and enlarged heart (Tr. 19, 35). Following a consultative medical examination requested by the State disability agency, plaintiff was found to be suffering from hypertension with blood pressures ranging from 180/105 to 185/105, chest pain, post–status Bell's palsy, and mild obesity. Dr. Edmond B. Balinberg, who conducted the examination on February 28, 1977, gave no opinion in his report as to whether these conditions prevented her from returning to the employment she had formerly pursued or any other occupation (Tr. 136). Plaintiff's applications were denied, however, on the stated ground that

she was "capable of performing basic work related functions" (Tr. 39).

On August 22, 1978 plaintiff filed new applications for disability insurance benefits and SSI claiming disability by reason of high blood pressure, swollen heart and gout (Tr. 56). On September 14, 1978, she was examined by Dr. Alan Stern, a consultative medical expert, again at the request of the State agency (Tr. 158). Dr. Stern's impression was that plaintiff had essential hypertension with blood pressure of 170/110, a history of gout and exogenous obesity. He gave no opinion as to whether these conditions prevented her from returning to her former employment or pursuing any different occupation. Again plaintiff's claims were denied (Tr. 60), although an SSA disability analyst's notes on a "Vocational Profile" of plaintiff indicated some restriction of work activity with the cryptic notation "S.O.B." (Tr. 78), and another SSA form observed that plaintiff "breathed heavily and walked with a slight limp" (Tr. 104).

At the request of the Administrative Law Judge (ALJ) who conducted the de novo hearing, plaintiff obtained a medical note dated May 14, 1979, written by her treating doctor, Dr. Abner Rosen. Plaintiff testified that Dr. Rosen has been treating her for a year and prescribed three medications which she has been taking. In the note Dr. Rosen stated "I feel Macey Perry is totally disabled." While portions of the note are undecipherable, it is clear that plaintiff is, in Dr. Rosen's opinion, suffering from "hypertensive heart disease with anginal syndrome" (Tr. 168).

In denying plaintiff's claims, the ALJ rejected Dr. Rosen's opinion as "unsupported by any medical documentation" (Tr. 10). In the opinion of the ALJ, the other ailments revealed in the prior medical examinations of plaintiff "fail to show the existence of an impairment of sufficient severity to preclude this claimant from returning to her former occupation" (Tr. 9). The ALJ opined that plaintiff's "principal problem" was obesity, which he noted that courts have held to be a remediable condition and consequently not disabling (id.).

The Secretary's rejection of plaintiff's claims cannot be sustained on the medical evidence in the record. First, the ALJ was not at liberty to disregard the opinion of Dr. Rosen. The prevailing rule in this Circuit is "that when no contradictory evidence is presented, a treating physician's expert opinion is binding on the Secretary." *Alvarado v. Califano*, 605 F.2d 34 (2d Cir. 1979); *Eiden v. Secretary of HEW*, 616 F.2d 63 (2d Cir. 1980); *Bastien v. Califano*, 572 F.2d 908 (2d Cir. 1978). Aside from the rule that "[t]he expert opinion of a claimant's treating physician is entitled to particular weight," *Parker v. Harris*, 626 F.2d 225 (2d Cir. 1980), neither Dr. Balinberg nor Dr. Stern was asked to give an opinion as to whether the disorders observed upon their respective examinations of plaintiff would have permitted her to return to her former employment or engage in some less exertional occupation. Both doctors confirmed that plaintiff has been suffering from hypertension with obviously high blood pressure readings. Dr. Balinberg attributed her chest pain to "possible angor [sic] pectoris by history" (Tr. 137). Dr. Stern noted that her difficulty in breathing had been "attributed to congestive heart failure," although treated with medication with "some degree of relief" (Tr. 157); that an x–ray examination of her chest revealed plaintiff had made an incomplete inspiration; and that the cardiothoracic ratio of 55% appeared to be "partly due to the poor inspiratory effort" (id.). The findings of these doctors cannot be considered contradictory as to Dr. Rosen's reported diagnosis of hypertensive heart disease with anginal syndrome.[1]

---

1. It is worthy of note that in emphasizing plaintiff's "obesity" as her "principal problem"–a questionable finding by a lay administrative law judge, however skilled in interpreting medical evidence–the ALJ adopted physical dimensions of plaintiff which are clearly contradicted by other evidence. Thus, Dr. Balinberg found plaintiff was 5 feet 5 inches in height and weighed 182 pounds. At the hearing, the ALJ himself observed that plaintiff appeared to be "bigger" than 5 feet 2 inches, and eventually accepted her statement that she was 5 feet 7

Applying the accepted standard that substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), the evidence here falls far short of support for the finding of non–disability. Moreover, it is axiomatic that where, as here, a claimant is not represented by counsel, the ALJ has the affirmative obligation to assist the claimant in developing her case. *Eiden v. Secretary of HEW, supra.* That obligation was not satisfied by simply giving plaintiff a copy of Dr. Stern's report to deliver to Dr. Rosen so that he might mail a more informative report than the prior note he had given plaintiff. If Dr. Rosen's evidence was material, as appears to be the case, arrangements could have been made to have him appear and testify, as is often done with other experts.

Finally, in view of plaintiff's advanced age and limited education and the likelihood that her lifetime work as a presser may have left her with no transferable skills, she may well be entitled to consideration under the Secretary's recent regulations which became effective February 26, 1979. See 42 U.S.C.App. 20 CFR §§ 404.1503 *et seq.*

Accordingly, the Secretary's motion for judgment on the pleadings is denied and the case is remanded to the Secretary for further consideration in light of this decision.

SO ORDERED.

inches (Tr. 28). Nonetheless, in his decision, the ALJ adopted Dr. Stern's height of 56″ (Tr. 157), which the ALJ read as 4 feet 8 inches (Tr. 9).