Jonathan ALDRICH, Leroy Bishop, Beverly Clothey, Ruth MacLeod and Richard Nichols, on behalf of themselves and all others similarly situated

v.

Richard SCHWEIKER, in his official capacity as Secretary of Health and Human Services and Theodore Allen, in his official capacity as Administrator of the Vermont Disability Determination Services.

Civ. A. No. 80–279.

United States District Court,
D. Vermont.

April 14, 1982.

James Libby, Vt. Legal Aid, Inc., Montpelier, Vt., and Dan Jerman, Vt. Legal Aid, Inc., St. Johnsbury, Vt., for plaintiffs.

P. Scott McGee, Asst. U.S. Atty., Burlington, Vt., for defendant Schweiker.

Michael McShane, Asst. Atty. Gen., State of Vt., Montpelier, Vt., for defendant Allen.

## OPINION AND ORDER

COFFRIN, District Judge.

This is a civil action seeking declaratory and injunctive relief against state and federal officials. Plaintiffs claim that regulations, policies, and practices that defendants use in evaluating claims for disability benefits under Title II of the Social Security Act (the Act), 42 U.S.C. §§ 401–433 and Title XVI of the Act, 42 U.S.C. §§ 1381–1385, are inconsonant with the definition of disability established in the Act, 42 U.S.C. §§ 416(i), 423(d), 1382c(a)(3), as interpreted by the federal courts.[1] Presently before the court is defendant Schweiker's motion to dismiss for lack of subject matter jurisdiction. Although defendant Allen has not moved to dismiss, it is a familiar principle that the court may dismiss for lack of subject matter jurisdiction on its own motion. For the reasons set forth below, we dismiss plaintiffs' claims against defendant Allen and hold that we have jurisdiction of plaintiffs' claims against defendant Schweiker. Additionally, we grant plaintiffs' motion for class certification.

[1]. Unless otherwise indicated, subsequent statutory references are to sections of Title 42 of the United States Code.

## I. Background

### A. The Statutory and Regulatory Scheme

The entitlement programs under Title II and Title XVI of the Act provide disability benefits to persons who demonstrate inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment.…" §§ 423(d)(1)(A), 1382c(a)(3)(A). Pursuant to §§ 421, 1383b, the programs are administered jointly by the Social Security Administration (SSA) of the United States Department of Health and Human Services (HHS) and state agencies such as the Vermont Disability Determination Services (DDS). A claimant submits his application to the state agency for an initial determination of disability. SSA then reviews the state agency's initial determination. If these entities concur that a claimant is not entitled to benefits, SSA notifies the claimant of the denial. The claimant may seek reconsideration by the state agency and a second review by SSA. If the reconsidered decision is unfavorable, a claimant has a right under §§ 405(b), 1383(c), to a hearing before an Administrative Law Judge (ALJ). If the ALJ's decision is adverse, the claimant may request review by the SSA Appeals Council. A claimant who pursues his claim through the Appeals Council and does not obtain a favorable decision has exhausted his administrative remedies and may seek judicial review of the Secretary's final decision under §§ 405(g), 1383(c)(3). See 20 C.F.R. §§ 404.901–404.990.

### B. Plaintiffs' Claims

The five named plaintiffs in this class action are applicants for or current recipients of Title II disability benefits (DIB) or Title XVI disability benefits (SSI). They share the experience of having had their claims for disability benefits evaluated by the Vermont DDS under regulations promulgated by HHS. At one or more stages

in the application process, DDS has found each plaintiff not to be disabled. In each plaintiff's case, defendant Schweiker (Secretary), or one of his predecessors as Secretary of HHS, has adopted the state agency's finding and denied an application for benefits or terminated an existing entitlement to benefits.

Plaintiffs' complaint, at paragraphs 43–84, details the labyrinthine administrative path that each plaintiff has trodden in his quest for disability benefits. Defendants do not dispute the facts set out in the complaint; indeed, they adopt and summarize them in their memorandum in support of their motion to dismiss. Below is a summary of the allegations of the complaint with respect to each named plaintiff.

Plaintiff Jonathan Aldrich applied for Title II benefits on November 15, 1977. The Secretary denied this application on December 5, 1977, after DDS determined that Aldrich was not disabled. Following a request for reconsideration, the Secretary again denied the application. Aldrich then requested a hearing before an ALJ. The ALJ rendered a decision on October 27, 1978, finding Aldrich to have been disabled as of March 15, 1977, and he started receiving benefits. In May 1980, however, the Secretary terminated Aldrich's disability benefits on the ground that DDS had determined that he was not disabled. On August 26, 1980, an ALJ found that plaintiff was still disabled and entitled to benefits. At the time he filed his complaint, Aldrich was receiving SSI and DIB benefits.

Plaintiff Leroy Bishop filed an application for Title II disability benefits on June 27, 1978. The Secretary, based on DDS' determination that he was not disabled, denied his claim on October 11, 1978. Upon reconsideration, the Secretary again denied his claim in a notice issued December 22, 1978. In a decision rendered June 19, 1979, an ALJ found Bishop to be disabled and eligible for Title II disability benefits. On August 1, 1980, after DDS reviewed his file, the Secretary terminated his entitlement to disability benefits. Bishop's request for reconsideration was pending before DDS at the time Bishop filed his complaint.

Plaintiff Beverly Clothey applied for Title II disability benefits on January 31, 1978. The Secretary denied her claim initially and upon reconsideration. An ALJ held a hearing and also found Clothey not disabled. The Appeals Council affirmed the denial of benefits. Clothey sought judicial review of the Secretary's determination in this court and we found her disabled and entitled to disability benefits. *Clothey v. Harris,* No. 79–111 (D.Vt. May 22, 1980). She continues to receive disability benefits.

Plaintiff Ruth MacLeod applied for DIB and SSI disability benefits on November 27, 1979. The Secretary has issued an initial denial and a denial upon reconsideration. MacLeod alleges that she has requested defendant Allen to review her claim a third time.

Plaintiff Richard Nichols applied for DIB disability benefits on October 17, 1977. The Secretary denied his claim initially and upon reconsideration. On June 30, 1978, an ALJ found plaintiff disabled and entitled to DIB disability benefits. In July 1980, DDS made a preliminary determination that Nichols' period of disability had ended. Nichols alleges that he has received no formal notice of a final determination.

Plaintiffs do not seek a decision that they are entitled to benefits. Rather, they seek a determination that they are entitled to have their eligibility for benefits determined under different standards. Plaintiffs contend that the Secretary and DDS are required to apply the same standards as the Second Circuit Court of Appeals and this court apply, that each refuses to do so, and that therefore plaintiffs are subjected to needless administrative and judicial review. Although plaintiffs allege that DDS is applying improper standards in determining their entitlement to disability benefits, their consternation is focused on the Secretary. They fault DDS only for applying standards promulgated by the Secretary. Relying on *Ithaca College v. N.L.R.B.,* 623 F.2d 224, 228 (2d Cir.1980) and *Jones v. Califano,* 576 F.2d 12 (2d Cir.1978), plaintiffs assert that defendants are bound to follow the law of the Circuit.

More specifically, plaintiffs allege four ongoing conflicts between the standards applied by DDS and the law of the Circuit.[2] First, DDS allegedly refuses to be bound by a treating physician's opinion that a claimant is disabled even though the treating physician's opinion is uncontradicted by substantial evidence. The law of the Circuit is to the contrary. *E.g., Eiden v. Secretary of Health, Education and Welfare*, 616 F.2d 63, 64 (2d Cir.1980); *Alvarado v. Califano*, 605 F.2d 34, 35 (2d Cir.1979); *Bastien v. Califano*, 572 F.2d 908, 912 (2d Cir.1978); *Gold v. Secretary of Health, Education and Welfare*, 463 F.2d 38, 42 (2d Cir.1972).

Second, plaintiffs alleged that DDS gives insufficient weight to a determination by another agency that a claimant is disabled. In *Cutler v. Weinberger*, 516 F.2d 1282, 1286 (2d Cir.1975), the Second Circuit said: "While the determination of another governmental agency that a social security disability benefits claimant is disabled is not binding on the Secretary, it is entitled to some weight and should be considered." *See Parker v. Harris*, 626 F.2d 225, 233 (2d Cir.1980).

Third, plaintiffs allege that DDS gives inadequate weight to claimants' subjective complaints and therefore will not find a claimant to be disabled on the basis of subjective symptoms alone. This, they say, contravenes cases holding that the absence of objective evidence of an underlying impairment does not preclude a finding of disability. *See, e.g., Aubeuf v. Schweiker*, 649 F.2d 107, 113 (2d Cir.1981); *Hankerson v. Harris*, 636 F.2d 893, 895 (2d Cir.1980); *Marcus v. Califano*, 615 F.2d 23, 28 (2d Cir.1979); *Ber v. Celebrezze*, 332 F.2d 293, 299 (2d Cir.1964). *See generally* Annot., 23 A.L.R.3d 1034 (1969).

Finally, plaintiffs assert that defendants' policy and practice is to misapply the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1, a portion of the Secretary's regulations that describes, for each of the major body systems, impairments which the Secretary considers severe enough to prevent a person from doing any substantial gainful activity. No Second Circuit case explicitly supports this allegation.

## II. Jurisdiction

Plaintiffs' claims raise several thorny jurisdictional issues surrounding sections 405(g) and 405(h) of the Social Security Act. Section 405(g) provides, "[a]ny individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . ." commenced in United States district court. The district court is empowered to enter "a judgment affirming, modifying, or reversing the decision of the Secretary." *Id.* Section 405(h) designates § 405(g) the exclusive avenue of review for any "findings of fact or decision of the Secretary." Section 405(h) further provides: "No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter."[3]

On its face, § 405(g) seems merely to provide a remedy to individuals who feel their claims were wrongfully denied by the Secretary. *See Ellis v. Blum*, 643 F.2d 68, 73–74 (2d Cir.1981). The Supreme Court, however, has glossed the statute to allow district courts jurisdiction under § 405(g) to entertain class actions on behalf of persons who have filed claims with the Secretary, *Califano v. Yamasaki*, 442 U.S. 682, 698–701, 99 S.Ct. 2545, 2556–2557, 61 L.Ed.2d 176 (1979), and to allow courts to grant injunctive relief in § 405(g) suits, *id.* at

---

**2.** Plaintiffs cite no authority supporting their contentions as to what the law of the Circuit is, but, since plaintiffs allege noncompliance with firmly established principles, we see no reason not to list illustrative cases.

**3.** Section 405(g) provides for review of final decisions of the Secretary under the Title II program. Pursuant to § 1383(c)(3), a final decision of the Secretary under the Title XVI program is subject to judicial review as provided by § 405(g) to the same extent as a determination under § 405.

704–06, 99 S.Ct. at 2559–2560. Additionally, the literal requirement of § 405(g) that the claimant shall submit for review a "final decision of the Secretary" need not be met when further proceedings before him would be fruitless. *Weinberger v. Salfi,* 422 U.S. 749, 765–66, 95 S.Ct. 2457, 2466–67, 45 L.Ed.2d 522 (1975). *See Mathews v. Eldridge,* 424 U.S. 319, 326–32, 96 S.Ct. 893, 898–901, 47 L.Ed.2d 18 (1976).

Concomitant with this loose construction of § 405(g), the Supreme Court has given § 405(h) generous scope, thereby channelling challenges to the constitutionality of substantive provisions of the Act, or procedures adopted in its administration, through § 405(g). For instance, in *Weinberger v. Salfi,* wherein plaintiffs challenged a duration-of-relationship requirement that denied Social Security insurance benefits to wives and stepchildren whose relationships with a deceased wage earner began within nine months of his death, the court held that § 405(h) barred resort to 28 U.S.C. § 1331. Moreover, despite the conspicuous absence of a proscription against jurisdiction under 28 U.S.C. § 1361 in the last sentence of the current version of § 405(h),[4] the court has three times avoided the question whether

mandamus jurisdiction to review SSA procedures is barred by § 405(h). *Califano v. Yamasaki,* 442 U.S. at 697–98, 99 S.Ct. at 2555–56; *Norton v. Mathews,* 427 U.S. 524, 529–30, 96 S.Ct. 2771, 2774, 49 L.Ed.2d 672 (1976); *Mathews v. Eldridge,* 424 U.S. at 332 n. 12, 96 S.Ct. at 901 n. 12.

After reviewing the Supreme Court opinions referred to above, the Second Circuit recently concluded:

> While these cases might seem to foreshadow preclusion of all jurisdictional routes other than § 405(g) for attacks on actions of the SSA, this is not the case. *Salfi*'s embrace of a literal reading of § 405(h) contains its own limitation: that section bars only an "action against the United States, the Secretary, or any officer or employee thereof", which is grounded on a jurisdictional statute formerly contained in section 24 of the Judicial Code, and which seeks to recover on a claim arising under Title II.

*Ellis v. Blum,* 643 F.2d at 75.

With these complexities in view, we address plaintiffs' assertion that we have jurisdiction to entertain their claims against defendants Schweiker and Allen under

---

**4.** Prior to the 1948 Revision of the Judicial Code, § 405(h) read in part: "No action against the United States, the Board, or any officer or employee thereof shall be brought under section 24 of the Judicial Code of the United States to recover on any claim arising under this title." Social Security Act Amendments of 1939, Pub.L. No. 76–379, § 205(h), 53 Stat. 1360, 1371 (1939). Section 24 of the Judicial Code was repealed by Act of June 25, 1948, Pub.L. No. 80–773, § 39, 62 Stat. 869, 992 (1948). Section 24 did not contain a general grant of mandamus jurisdiction to the district courts; such jurisdiction was first extended to all district courts by the Federal Mandamus and Venue Act of 1962, Pub.L. No. 87–748, 76 Stat. 744 (1962). At the time of enactment, however, § 24 of the Judicial Code did contain all the general grants of jurisdiction to the district courts. Responding to the 1948 revision of the Judicial Code, the codifiers changed the initial reference to "section 24 of the Judicial Code of the United States" to "sections 1331 or 1346 of Title 28." *See* Annotation to 42 U.S.C. § 405 (Supp.III 1979).

Defendant Schweiker characterizes the current version of the last sentence of § 405(h) as an unauthorized codifier's modification of the original language. The legislative history suggests the contrary. Since general mandamus jurisdiction did not even exist when Congress first enacted § 405(h), the codifiers would have unjustifiably expanded the reach of § 405(h) if they had added a clause barring actions under 28 U.S.C. § 1361 to recover on a disability claim. Defendant, however, finds support in the Supreme Court's paraphrase of the third sentence of § 405(h): " 'No action against the United States, the Secretary, or any officer or employee thereof shall be brought under [§ 1331 *et seq.*] of Title 28 . . . .' " *Califano v. Sanders,* 430 U.S. 99, 103 n. 3, 97 S.Ct. 980, 983 n. 3, 51 L.Ed.2d 192 (1977); *Weinberger v. Salfi,* 422 U.S. 749, 756, 95 S.Ct. 2457, 2462, 45 L.Ed.2d 522 (1976). We think it unlikely that, by inserting the bracketed language, the Court intended to incorporate § 1361 into § 405(h). The Court was not glossing the current version of § 405(h); it was paraphrasing § 405(h) as it existed before the section was modified to reflect reclassifications in Title 28. Moreover, in both *Salfi* and *Sanders,* the Court was considering whether § 405(h) barred suits under 28 U.S.C. § 1331 rather than 28 U.S.C. § 1361. We doubt that in dictum the Court wished to effect such a significant change in the law.

§ 405(g), 28 U.S.C. § 1331, and 28 U.S.C. § 1361.

### A. Jurisdiction Over Defendant Allen

■ We lack jurisdiction to hear plaintiffs' claims against defendant Allen under § 405(g) unless some decision which Allen has rendered can be considered a "final decision of the Secretary." Up until June 1, 1981, § 421(a) provided that any determination of disability by the state agency "shall be a determination of the Secretary for purposes of this subchapter." The Second Circuit Court of Appeals, however, refused to equate the Secretary's and state agency's decisions for purposes of §§ 405(g) and (h):

> [A]n understanding of § 421(a) as automatically invoking ·§§ 405(g) and (h) would render superfluous § 421(d), which adds that any individual dissatisfied with the state agency's determination is entitled to a hearing by the Secretary "and to judicial review of the Secretary's final decision after such hearing as is provided in section 405(g) of this title."

*Ellis v. Blum,* 643 F.2d at 76 n. 8. An amendment to § 421, effective June 1, 1981, eliminates the above-quoted language in § 421(a). Social Security Disability Amendments of 1980 (amendment), Pub.L. No. 96–265, § 304, 94 Stat. 441 (1980). The purpose of the amendment is to shift some responsibility for making disability determinations from the state agencies to the Secretary in order to "improve the quality of determinations and ensure that claimants throughout the Nation will be judged under the same uniform standards and procedures, while preserving the basic Federal-State structure." S.Rep. No. 408, 96th Cong., 2d Sess. 55, *reprinted in* 1980 U.S. Code Cong. & Ad.News 1277, 1333. The amendment empowers the Secretary both to modify a state agency's determinations and to terminate state administration altogether. Whether one looks to the current version of § 421 or the version in existence when plaintiffs' claims arose, there can be little doubt that a state agency's determination is not a "final decision of the Secre-

tary" under § 405(g). Section 405(g), therefore, does not grant the court jurisdiction to hear plaintiffs' claims against defendant Allen.

■ The Second Circuit Court of Appeals has recently spoken to plaintiffs' assertion that we may entertain their claims against defendant Allen under the general federal question statute, 28 U.S.C. § 1331:

> On its face § 405(h)'s ban on actions "against the United States, the Secretary, or any officer or employee thereof" does not apply to a suit against *state* officials. However, a forceful argument can be made that the state officials administering the disability-benefits program are acting under color of federal law as mere agents of the Secretary, and as such are within the ambit of § 405(h). To hold otherwise arguably would invite applicants for Title II benefits to circumvent §§ 405(g) and (h) by bringing suit under § 1331 against the state officials instead of the Secretary, particularly now that the amount-in-controversy requirement of § 1331 has been eliminated as to all defendants.

*Ellis v. Blum,* 643 F.2d at 76 (emphasis in original). In *Ellis v. Blum,* the complaint alleged that the defendant state officials were engaged in a bad-faith practice in violation of procedures authorized by the defendant Secretary. Since the claims against the federal and state officials were distinct, the court saw no reason to extend the ban of § 405(h) to preclude federal question jurisdiction over the state officials. Ours is a different case. Plaintiffs in the instant case do not allege that defendant Allen is misapplying procedures and regulations established by defendant Schweiker; Allen's allegedly illegal conduct is his adherence to the Secretary's directives. Since plaintiffs' dispute is with the Secretary, § 405(h) bars jurisdiction under 28 U.S.C. § 1331.

■ On its face, the mandamus statute makes available no relief in actions against state officials: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an *offi-*

cer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis added). Applying the statute literally, courts have found no jurisdiction in mandamus actions against state officials, e.g., In Re Wolenski, 324 F.2d 309 (3d Cir.1963), cert. denied, 377 U.S. 1005, 84 S.Ct. 1941, 12 L.Ed.2d 1053 (1964); Boston v. United States, 424 F.Supp. 259, 265 (E.D.Mo.1976), local government agencies, e.g., Griffith v. Bell-Whitley Community Action Agency, 614 F.2d 1102, 1105–06 (6th Cir.), cert. denied, 447 U.S. 928, 100 S.Ct. 3025, 65 L.Ed.2d 1122 (1980), and private individuals and institutions, e.g., Carman v. Richardson, 357 F.Supp. 1148, 1157 (D.Vt.1973).

In Ellis v. Blum, however, the Second Circuit Court of Appeals suggested that, had it not found that § 405(h) did not bar jurisdiction over the state officials under 28 U.S.C. § 1331,

> consideration would have to be given to an argument that if the state officials are deemed to be mere officers or employees of the Secretary so as to be within § 405(h), they are officers or employees of the United States or an agency thereof so as to come within the mandamus jurisdiction of 28 U.S.C. § 1361 . . . .

643 F.2d at 76 n. 9. While we have found that § 405(h) extends to plaintiffs' claims against defendant Allen, we decline the Circuit Court's invitation to explore whether a state official can come within mandamus jurisdiction. We may avoid that excursion because, under the standard set out in Lovallo v. Froehlke, 468 F.2d 340 (2d Cir.1972), cert. denied, 411 U.S. 918, 93 S.Ct. 1555, 36 L.Ed.2d 310 (1973), mandamus clearly is inappropriate to compel Allen to comply with the Social Security Act.

In Lovallo, the court articulated the rare combination of circumstances in which mandamus will properly issue. Three elements must co-exist: "(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; and (3) no other adequate remedy available." Id. at 343. Without pausing to discuss the difficult questions of whether the first two elements are present in plaintiffs' claims against Allen, we note that the third element is clearly absent. Defendant Allen is under contract with the federal government to make disability determinations in accordance with the regulations promulgated by the Secretary. Plaintiffs do not contend that Allen is misapplying the Secretary's regulations. No mandamus could conceivably issue to compel Allen properly to apply the Social Security Act if plaintiffs have an alternative remedy. Because, as spelled out below, we hold that plaintiffs have a good cause of action against the Secretary, we lack jurisdiction under 28 U.S.C. § 1361 to entertain plaintiffs' complaint against defendant Allen.

**B. Jurisdiction Over Defendant Schweiker**

Under section 405(g), federal district courts have jurisdiction to review any "final decision" of the Secretary. The "final decision" requirement of § 405(g) has two elements: (1) a requirement, jurisdictional in the sense that it cannot be waived by the Secretary, that the plaintiff has presented a claim for benefits; and (2) a requirement, which the Secretary may waive either constructively or overtly, that the claimant has exhausted the administrative review procedures prescribed by the Secretary. Mathews v. Eldridge, 424 U.S. 319, 328, 96 S.Ct. 893, 899, 47 L.Ed.2d 18 (1976); Jones v. Califano, 576 F.2d 12, 18 (2d Cir.1978). See Weinberger v. Salfi, 422 U.S. 749, 763–64, 95 S.Ct. 2457, 2465–66, 45 L.Ed.2d 522 (1975).

It is beyond dispute that plaintiffs Bishop, MacLeod, and Nichols, by filing claims with the Secretary, have satisfied the nonwaivable requirement for jurisdiction under § 405(g). Defendants maintain, however, that plaintiffs Aldrich and Clothey have not met this requirement because, although they have presented claims to the Secretary, they have successfully appealed denials of these claims and were receiving benefits at the time they filed their complaint.

Section 405(g) provides that "[a]ny individual, after any final decision of the Secretary ... may obtain a review of *such* decision ..." (emphasis added). Thus, a condition for jurisdiction under 405(g) is that the Secretary has made a determination adverse to the claimant. *See Jones,* 576 F.2d at 18. Moreover, § 405(g) only facilitates review of a particular adverse decision; it does not bestow a cause of action on anyone to whom, at some point in the evaluation of a claim, the Secretary has denied benefits. Plaintiff Aldrich, at the time he filed his complaint, was receiving benefits because an ALJ determined that he was disabled and entitled to benefits. Plaintiff Clothey also was receiving benefits as a consequence of this court's judicial review of the Secretary's denial of her claim. Because Aldrich and Clothey have no outstanding claims the denial of which this court can review, this court lacks jurisdiction under § 405(g) to hear their complaint against the Secretary.

The second requisite for § 405(g) jurisdiction is that the claimant has exhausted the administrative review procedures established by the Secretary. Bishop, MacLeod, and Nichols concede that they have not pursued their claims through the Appeals Council. They contend, however, that this court has jurisdiction because plaintiffs fit within a judicially created exception to the exhaustion requirement.

In *Jones v. Califano,* 576 F.2d 12 (2d Cir.1978), plaintiffs challenged the method by which the Secretary computed the share of an Aid to Families with Dependent Children grant attributed to a family member who becomes eligible for Supplemental Security Income. Although plaintiffs had not exhausted their administrative remedies, the court held that the District Court had subject matter jurisdiction because the Secretary had constructively waived the exhaustion requirement of § 405(g).

*Jones* dealt with a situation in which the Appeals Council consistently ruled in favor of the claimant and the Secretary refused to implement the method of benefits calculation adopted by the Appeals Council. In other words, SSA had two standards for benefit calculation, one for claimants who sought review by the Appeals Council, and one for claimants who did not. The court found it appropriate to imply a waiver of the exhaustion requirement when there is such a "stalemate defying judicial review." *Id.* at 20. The practice that disturbed the *Jones* court was that poor and disabled people were forced to pursue individual administrative remedies when this served no legitimate agency interest. In *Salfi,* the Supreme Court described administrative purposes that justify the exhaustion requirement:

> Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.... Once a benefit applicant has presented his or her claim at a sufficiently high level of review to satisfy the Secretary's administrative needs, further exhaustion would not merely be futile for the applicant, but would also be a commitment of administrative resources unsupported by any administrative or judicial interest.

422 U.S. at 765–66, 95 S.Ct. at 2466–67.

As we recently professed, "[W]e share the *Jones* court's concerns about the inequality of treatment that a contrary decision would permit: those with the temerity to request administrative review would test their claims against a different standard than those who do not." *Spear v. Harris,* No. 80143, slip op. at 7 (D.Vt. July 31, 1980). Where, as here, it is alleged that DDS is forcing claimants to pursue lengthy administrative appeals because the Secretary persists in promulgating standards for eligibility that are contrary to the law of the circuit, requiring exhaustion serves no legitimate purpose.

We hold that as to Bishop, MacLeod, and Nichols we have jurisdiction under § 405(g).

Because we lack jurisdiction to hear Aldrich's and Clothey's claims under § 405(g), we turn to the issue of whether we have mandamus jurisdiction under 28 U.S.C. § 1361.

Plaintiffs' contention that we have mandamus jurisdiction over the Secretary to compel him to apply standards assertedly dictated by the Social Security Act and the federal courts reveals a new facet of the interplay between § 405(h) and 28 U.S.C. § 1361. Plaintiffs' claim is not for review of an adverse "decision of the Secretary" as that phrase is used in § 405(g). Therefore, unlike the plaintiff in *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), plaintiffs do not present a claim to which the second sentence of § 405(h), *see id.* at 110, 97 S.Ct. at 986 (concurring opinion), or the third sentence of § 405(h), *see Ellis v. Blum,* 643 F.2d at 82, could be said clearly to apply. On the other hand, plaintiffs' claim does not readily appear to be "essentially procedural in nature." *Id.* Were it such a claim, our disposition of it would be dictated by a line of Second Circuit Court of Appeals decisions holding that § 405(h) does not preclude assertion of jurisdiction under 28 U.S.C. § 1361. *See Ellis v. Blum,* 643 F.2d at 82 (plaintiff challenged adequacy of pretermination notices sent Social Security disability benefits recipients); *Sharpe v. Harris,* 621 F.2d 530, 532 (2d Cir.1980) (plaintiff alleged delays in conducting hearings, issuing decisions, and commencing payments in SSI cases); *Barnett v. Califano,* 580 F.2d 28, 31 (2d Cir. 1978) (plaintiff alleged delays in SSI hearings process); *White v. Mathews,* 559 F.2d 852, 856 (2d Cir.1977), *cert. denied,* 435 U.S. 908, 98 S.Ct. 1458, 55 L.Ed.2d 500 (1978) (plaintiff alleged delays in hearings on entitlement to disability insurance benefits).

We have located no specific guidance on the question of whether we have mandamus jurisdiction over the Secretary in the instant case. As noted above, the Supreme Court has repeatedly avoided discussing the effect of § 405(h) on § 1361 jurisdiction. The Second Circuit Court of Appeals, however, has ruled that § 405(h) does not bar § 1361 jurisdiction at least where plaintiffs raise "only a procedural challenge, the adjudication of which will not affect the substantive question of continued entitlement to disability payments." *Ellis v. Blum,* 643 F.2d at 82. Our adjudication of plaintiffs' claim in the instant case potentially affects their entitlement to benefits only in subsequent proceedings wholly collateral to this case. Plaintiffs' claim is, therefore, "procedural" in the sense that, rather than being for recovery of benefits, it is for adjustment of the rules for determining whether an individual is entitled to benefits. It scarcely seems less "procedural" than plaintiffs' claim in *Ellis* which was for reinstatement of benefits to individuals whose entitlement had been terminated without due process. Mindful that "the apparent literal meaning of statutory language is not an unfailing guide to the meaning of a congressional enactment," *Califano v. Sanders,* 430 U.S. at 110, 97 S.Ct. at 986 (Stewart, J., concurring), we choose to read § 405(h) literally. Plaintiffs neither seek review of a "decision of the Secretary," nor do they bring this action "to recover on any claim" for disability benefits. We therefore conclude that § 405(h) does not negate mandamus jurisdiction over plaintiffs' claims against the Secretary.

While we are disposed to find that we have jurisdiction to hear plaintiffs' claims against the Secretary under 28 U.S.C. § 1331, we need not resolve this question. We note that, despite its specific reference to § 1331, § 405(h) may not be a bar to federal question jurisdiction because plaintiffs do not seek to "recover on any claim" for disability benefits. Nonetheless, we acknowledge that several Supreme Court opinions have restricted access to 28 U.S.C. § 1331, funneling review through § 405(g). *See Califano v. Sanders, Mathews v. Eldridge, Weinberger v. Salfi. But cf. Schweiker v. Gray Panthers,* 453 U.S. 34, 101 S.Ct. 2633, 2638 n. 8, 69 L.Ed.2d 460 (1981) (in action challenging Secretary's Medicaid regulations as inconsistent with statute, district court had subject matter jurisdiction under 28 U.S.C. § 1331(a) because suit was against the Secretary).

III. Certification of the Class

 Plaintiffs have filed a Motion for Class Action Determination. In their complaint, plaintiffs allege that they bring suit on behalf of a class defined as follows:

All persons who are Vermont residents and who have filed applications for Title II disability benefits (excluding applicants for widow's, surviving divorced wives' or widower's disability benefits) or SSI disability benefits, and who have had their claims for disability benefits evaluated by DDS under the defendants' regulations, policies and practices, and who have been found not disabled by DDS and Defendant Harris either in an initial determination or reconsideration determination, or in a continuing disability review.

Because plaintiffs have established that the prerequisites to a class action set out in Fed.R.Civ.P. 23(a) and 23(b)(2) are met, we grant the motion for certification of the class described in the complaint.

In summary, we hold:

(1) The court has no jurisdiction to hear plaintiffs' claims against defendant Allen under § 405(g), 28 U.S.C. § 1331, or 28 U.S.C. § 1361. The Clerk shall file judgment in favor of defendant Allen.

(2) The court has jurisdiction over Bishop's, MacLeod's, and Nichols' claims against defendant Schweiker under § 405(g).

(3) The court has jurisdiction over all five plaintiffs' claims against defendant Schweiker under 28 U.S.C. § 1361.

(4) Plaintiffs' Motion for Class Certification is granted.