**Robert MORUZZI, Plaintiff,**

**v.**

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. 83 Civ. 5566 (RWS).**

United States District Court,
S.D. New York.

May 17, 1984.

Norman Siegel, MFY Legal Services, Inc., New York City, for plaintiff; Carolyn A. Kubitschek, New York City, of counsel.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for defendant; Mark S. Sochaczewsky, Sp. Asst. U.S. Atty., Annette H. Blum, Regional Atty.-Region II, Cornelia Dude, Asst. Regional Atty., Dept. of Health and Human Services, New York City, of counsel.

## OPINION

SWEET, District Judge.

Plaintiff Robert Moruzzi ("Moruzzi") and defendant Secretary of Health and Human

Services ("Secretary") have cross-moved for judgment on the pleadings. Moruzzi seeks an order vacating the Secretary's denial of his application for Social Security disability benefits and directing the Secretary to award him benefits or, in the alternative, an order remanding the matter for a new administrative hearing. For the following reasons, Moruzzi's motion is granted. The Secretary's decision is reversed and remanded, and the Secretary is directed to award Moruzzi disability benefits for the period September 6, 1981 to January 4, 1983 and to conduct further proceedings to determine if Moruzzi is entitled to disability benefits after January 4, 1983.

Moruzzi is thirty-one years old. Until September 6, 1981 he worked as a doorman for approximately seven years. Prior to that he worked as a carpenter for one year. On September 6, 1981, Moruzzi was involved in an automobile accident and severely injured his back. He has not worked since the accident.

As a result of the accident, Moruzzi ruptured the disc between his second and third lumbar vertebrae and compressed the root of the nerve between the fifth lumbar vertebra and the first sacral vertebra. Moruzzi was initially treated with bed rest, physiotherapy, a back brace and medication, but he failed to improve. Consequently, on June 15, 1982, Moruzzi underwent a discectomy to remove the herniated disc and a lumbar laminectomy to fuse the L2 and L3 vertebrae. He also underwent a posterior nerve root foraminotomy.

Moruzzi filed an application for disability insurance benefits on June 8, 1982. The Social Security Administration ("SSA") denied Moruzzi's application on August 16, 1982, explaining, "Although you are currently disabled, within a year it is expected that your condition will no longer prevent you from working." On January 4, 1983, the SSA denied Moruzzi's claim on reconsideration again stating that Moruzzi was currently disabled but expected to improve. Moruzzi requested a hearing to review his application, and a hearing was held on February 10, 1983 before Administrative Law Judge Helen Anyel (the "ALJ"). On March 29, 1983, the ALJ found that Moruzzi was not under a disability, and the Appeals Council affirmed the ALJ's determination.

A finding by the Secretary that a claimant is not disabled is conclusive if supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Bluvband v. Heckler*, 730 F.2d 886, at 891 (2d Cir.1984); *Donato v. Secretary of Health & Human Services*, 721 F.2d 414, 418 (2d Cir.1983); *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir.1982) (per curiam). Absent legal error, the Secretary's decision may not be set aside if supported by substantial evidence. *Bluvband, supra,* at 891. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)).

An individual is entitled to disability benefits if found to be under a disability as defined in 42 U.S.C. § 423(d). Disability means inability to engage in any substantial gainful activity because of an impairment "which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The Secretary twice concluded that Moruzzi was disabled, first on August 19, 1982 and again on January 4, 1983. Nevertheless, the Secretary denied Moruzzi benefits because she concluded that the disability would not last an additional twelve months. On January 4, 1983, the date the Secretary denied reconsideration of Moruzzi's application despite a finding that he was disabled, Moruzzi had been found disabled by the SSA for sixteen months. Accordingly, the Secretary should have awarded Moruzzi disability benefits for the period from September 6, 1981 to January 4, 1983.

Moruzzi also contends that the ALJ improperly disregarded the conclusions of his treating physician, Dr. Bing H. Tang. In a report dated September 25, 1982, Dr. Tang reported that Moruzzi's upper lumbar radiculopathy had improved but the lower lumbar radiculopathy was inoperable and not

expected to improve. Dr. Tang concluded that Moruzzi was disabled as a result of the lower lumbar radiculopathy.

It is well established in this Circuit that the expert opinion of the claimant's treating physician is binding on the fact-finder unless contradicted by substantial evidence. *Bluvband v. Heckler, supra*, 892 (2d Cir.1984); *Donato v. Secretary of Health & Human Services, supra*, 721 F.2d at 419; *Rivera v. Schweiker*, 717 F.2d 719, 723 (2d Cir.1983); *Eiden v. Secretary of Health, Education & Welfare*, 616 F.2d 63, 64 (2d Cir.1980); *Alvarado v. Califano*, 605 F.2d 34, 35 (2d Cir.1979) (per curiam); *Bastien v. Califano*, 572 F.2d 908, 912 (2d Cir.1978). Dr. Tang's conclusion that Moruzzi suffers a compressed nerve root in his lower back and that the lesion is inoperable was not contradicted. The ALJ did not explain why she rejected Dr. Tang's conclusion that Moruzzi was disabled.

Moreover, the ALJ improperly disregarded Moruzzi's subjective complaints of pain. "[S]ubjective *pain* may serve as the basis for establishing disability, even if ... unaccompanied by positive clinical findings or other 'objective' medical evidence." *Donato, supra*, 721 F.2d at 419 (quoting *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979)). In this case, as in *Donato*, the ALJ failed to make any credibility findings with respect to Moruzzi's testimony.

Moruzzi testified that he could not sit more than ten minutes at a time. The ALJ noted that this was inconsistent with Moruzzi's testimony that he could drive for one-half hour at a time, but Moruzzi testified that he drives to his doctor's office twice a week, a half-hour trip, and otherwise goes out only to visit his parents who live one and one-half blocks from his home. Moruzzi also testified that his pain was not relieved by the prescribed medication and that he could not walk more than three blocks. The ALJ summarily disregarded Moruzzi's claims of pain and stated that "[a]lthough the claimant has some pain and discomfort on prolonged sittings, such pain is not severe, constant or incapacitating

and does not interfere with his ability to perform work related duties."

For the foregoing reasons, the Secretary's decision is not supported by substantial evidence. Accordingly, the Secretary's motion for judgment on the pleadings is denied, and Moruzzi's motion is granted. The Secretary is directed to award Moruzzi benefits for the period September 6, 1981 to January 4, 1983, and the case is remanded for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**